**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DAVID LUGO, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:23:cv-1738 |
| | ) | |
| *v.* | ) | Hon. Nancy L. Maldonado |
| | ) | District Judge |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

**PLAINTIFF'S *UNOPPOSED* MOTION TO APPOINT SPECIAL**
**REPRESENTATIVE FOR DECEASED DEFENDANT HALVORSEN**

Plaintiff DAVID LUGO by and through his attorneys, respectfully moves this Court to

appoint a special representative to defend these actions as representative of deceased Defendant

Ernest Halvorsen, stating as follows:

1.      Plaintiff David Lugo filed this lawsuit on March 21, 2023. Dkt. 1.

2.      Plaintiff's complaint alleges that he was wrongfully convicted of murder. Dkt. 1.

Plaintiff further alleges that various Chicago Police Department employees—including

Defendant Halvorsen—helped frame Plaintiff, causing him to be wrongfully incarcerated for

over 30 years. *Id.*

3.      Defendant Halvorsen died on January 26, 2020. No estate was opened at any time

for Defendant Halvorsen following his death.

4.      Federal district courts in Illinois have the power to appoint special administrators

consistent with Illinois law. *Stewart v. Special Administrator of the Estate of Mesrobian*, 559

Fed. App'x 543, 548 (7th Cir. 2014) (recognizing this power); *Anderson v. Romero*, 42 F.3d

1121, 1124-35 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

5.      Illinois provides for the appointment of a special representative without the opening of an estate for purposes of defending an action that survives a defendant's death. 735 ILCS 5/13-209(b)(2); *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative). Plaintiff contends the constitutional and state-law claims alleged by Plaintiff survive the death of the deceased Defendant Halvorsen. *E.g., Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012). Courts in this district have appointed special representatives in these circumstances. *See DeLeon-Reyes v. Guevara*, 2019 WL 1200348 (N.D. Ill. March 14, 2019) (appointing special representatives for deceased defendants in wrongful conviction case); *Savory v. Cannon*, No. 17 Civ. 204 (N.D. Ill. Mar. 9, 2017), Dkt. 41 (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Starks v. Waukegan, et al.*, No. 09 Civ. 348 (N.D. Ill. Jan. 15, 2014), Dkt. 208 (Order Appointing Special Administrator); *Rivera v. Lake County, et al*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants); *Tamburo v. Dworkin*, 2012 WL 10454, at *3-4 (N.D. Ill. 2012) (discussing appointment of special representative under Illinois law); *see also Nevest Coleman v. City of Chicago, et al.*, 1:18 Civ. 998 (N.D. Ill. July 18, 2018), Dkt. 64; *Vaughn v. Griffin*, No. 2:15 Civ. 2047 (C.D. Ill. Sept. 19, 2017), Order on Dkt. 213; *Ross v. Gossett*, No. 15 Civ. 309 (S.D. Ill. July 20, 2017), Dkt. 368 (appointing special representative for deceased defendants).

6.      Thus, this Court can appoint a special representative for the deceased individual so that this action can be maintained against Defendant Halvorsen.

7.      Attorneys who have appeared for the City of Chicago and the individual Defendants have informed Plaintiff that the next of kin for Ernest Halvorsen has declined to be appointed as Special Representative. Geri Lynn Yanow, an attorney, is willing to serve as special representative for Defendant Ernest Halvorsen, deceased. Accordingly, no additional notice is required to be provided to any of Mr. Halvorsen's heirs or legatees pursuant to 735 ILCS 5/13-209(b)(2).

8.      Plaintiff will not seek punitive damages from deceased individual Defendant Halvorsen, his estate, or the respective Special Representative in this action.

9.      Counsel for Plaintiff and counsel for Defendants have conferred, and Defendants do not oppose the appointment of Geri Lynn Yanow to act as Special Representative on behalf of Ernest Halvorsen, deceased.

10.     By not opposing this motion, the City of Chicago and the Special Representative of Ernest Halverson, Deceased, do not forgo or waive any defenses or the ability to seek dismissal, judgment, relief from order or judgment or an appeal. Further, the City of Chicago and the Special Representative of Ernest Halverson, reserve the right to assert any defense and to pursue any dispositive and post-judgment motions and any appeals in this matter, including but not limited to those that would otherwise be available had this motion not been opposed.

WHEREFORE, Plaintiff respectfully requests that the Court appoint Geri Lynn Yanow as special representative for Defendant Halvorsen, deceased.

RESPECTFULLY SUBMITTED,

/s/ Russell Ainsworth
*Counsel for Plaintiff*


Arthur Loevy
Jon Loevy
Russell Ainsworth
Ruth Brown
Lauren Carbajal
Carla Agbiro
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
russell@loevy.com


## CERTIFICATE OF SERVICE

I, Russell Ainsworth, an attorney, hereby certify that on June 15, 2023, I caused the foregoing motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Russell Ainsworth
*One of Plaintiff's Attorneys*

4