IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LUGO, | ) | |
| | ) | Case No. 1:23-cv-1738 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Hon. Nancy L. Maldonado, |
| CHICAGO POLICE OFFICERS | ) | District Judge |
| REYNALDO GUEVARA, JOANN | ) | |
| HALVORSEN, as PERSONAL | ) | Hon. Daniel McLaughlin, Magistrate |
| REPRESENTATIVE of the ESTATE OF | ) | Judge |
| ERNEST HALVORSEN, ANTHONY | ) | |
| RICCIO, STEPHEN GAWRYS, JAMES | ) | |
| HENK, GEORGE FIGUEROA, UNKNOWN | ) | |
| OFFICERS OF THE CHICAGO POLICE | ) | |
| DEPARTMENT, and THE CITY OF | ) | |
| CHICAGO, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendants.* | | |

## PARTIES' JOINT STATUS REPORT

Pursuant to the Court's October 2, 2024 order (Dkt. 135), the parties, by their respective undersigned counsel, respectfully submit the following status report providing an update on discovery.

**I.     Discovery Update:**

a. On October 7, 2024, the Parties conducted a partial inspection of the Chicago Police Department homicide files for the investigation into the death of Michael Velez. However, the parties continue to confer on the remaining scope of the requested inspection.

b. Plaintiff has conducted the depositions of Defendants Figueroa, Henk, and Gawrys. The Parties have also deposed third-party witnesses Detective Edward Strandberg,

Lekeisha Rivera, and Christopher Wright. The Parties' remaining deposition schedule is set forth below. Additional depositions may be sought by the parties.

| Witness | Date |
|---|---|
| Charles Buccholz | October 23 |
| Hootan Bahmandeji | October 24 |
| Defendant Riccio | October 25 |
| Joel Valentin | Defendants anticipate filing a motion to depose Mr. Valentin, as he is an incarcerated witness. The parties will work cooperatively to confirm a mutually agreeable date. |
| Former ASA Joanne Roddy | October 31 |
| Defendant Guevara | November 6 |
| Julio Sanchez | The parties are working to find a mutually agreeable date. |
| Michael Krejci | November 12, pending service and confirmation with the witness |
| Peter Hull | The parties proposed November 12 to the deponent and are awaiting confirmation. |
| Plaintiff David Lugo | November 19[1] |
| Jill Goldsmith | November 21 |
| Former ASA Donna Norton | November 22, pending service and confirmation with the witness |
| Former ASA John Dillon | Mr. Dillon's attorney has relayed that the initially noticed date does not work, but he will send dates on which Mr. Dillion is available prior to November 29th. |
| City's Rule 30(b)(6) witness | Plaintiff has served City Defendants with a notice. Most topics are identical to those in an agreed notice for Rule 30(b)(6) deposition in prior Guevara cases; for those, Plaintiff has asked the City whether it wishes to simply designate prior testimony in lieu of reproducing a witness on the same topics. With regard to the remaining few topics, Plaintiff has asked the City to |

---

[1] Defendants sought to take Plaintiff's deposition in mid-October but were informed by Plaintiff's counsel that a trial and other obligations would necessitate the deposition being in mid-November. Given this, Defendants might need to conduct very limited follow up discovery after this deposition that could necessitate a small discovery extension. If that is necessary Defendants will raise that issue with the court immediately.

| Witness | Date |
|---|---|
|  | confer regarding any disputes and provide a date for deposition. |
| Joseph Sparks | Defendants have made contact with this witness and are working to obtain dates, which they expect to have soon. |
| Officer J. Smith | The City's counsel has been unable to get into contact with this deponent despite months of efforts, and thus will give his last known contact information to Plaintiff by October 23. |
| Efrain Sanchez | The Parties are still attempting service; have not been able to locate witness to serve. |

II. **Pending Motions**

a. The parties cooperated and conferred on the language for an unopposed Petition to Unseal Grand Jury Materials in Cook County State Court, filed on August 9, 2024. The Court was set to hear the petition on October 3, 2024, but the hearing was continued to October 8, 2024. On October 8, the CCSAO, who is opposing the motion, asked the court for additional time to respond. Plaintiff informed the Court of the pending fact discovery deadline in this case and requested the soonest possible hearing date. The Court reset the matter for October 18, 2024. On October 18, the Court informed the Parties that Judge Reyna, who intended to hear argument and issue a ruling in this matter specifically, was unavailable. The Court reset the hearing for her next available date, November 27, 2024, just two days before the current discovery cutoff. The Parties anticipate that this delay may impact the current schedule as even if a ruling is given that day, it will take additional time for the transcripts to be transcribed and produced to the Parties.

b. As discussed above, Defendants intend to file a motion for leave to depose an incarcerated witness, Joel Valentin, pursuant to Fed. R. Civ. P. 30(a)(2)(B).

3

### III. Third-Party Subpoenas

While the Cook County State's Attorney's ("CCSAO") produced its file in response to Plaintiff's subpoena, it redacted and withheld significant pieces of information. Following multiple conferences and written exchanges, the CCSAO agreed on September 18 to remove redactions on a number of items. The CCSAO has not provided those items yet, nor has it provided its agreed amended privilege log. Plaintiff continues to work with the CCSAO to get the agreed-upon items.

Similarly, Defendants issued their own subpoena to the CCSAO who produced its file and corresponding privilege log. After extensive 37.2 conferences, on October 18, 2024, Defendants received an amended production from the CCSAO who re-produced 11,849 pages of responsive documents with various redactions removed. Defendants are in the process of reviewing the amended production and will likely continue to engage in 37.2 conferences with ASA Adelman to assess if motion practice will be necessary.

### IV. Plaintiff's Outstanding Discovery Disputes with Defendant City of Chicago

a. *Monell* Discovery

On August 6, 2024, Plaintiff filed his Motion to Compel *Monell* Discovery. Dkt. 113. The Court granted Plaintiff's motion to compel as to homicide files, including as to designation of prior homicide files and the production of open homicide files and ordered the City to begin a rolling production of the files on September 27, 2024. No files have been produced yet. The City has agreed to designate responsive homicide files by November 15, 2024. During the process of identifying the relevant files to pull, scan, and produce, the City learned that a rolling production will not save any additional time, but would be less efficient.

While Plaintiff's motion to compel was pending, and following many conferrals, Plaintiff and the City reached an agreement as to Complaint Register ("CR") files, both those that the City

4

would designate from prior production and those that the City would produce for the first time in this case. On October 11, the City further agreed to provide designations/confirmations of homicide and complaint register files previously produced in prior cases by November 15.

      The City requires more time to produce the open homicide files and CR files that are being produced for the first time in this litigation. The Parties jointly propose that the City be afforded an extension to produce the outstanding compelled homicide files and the outstanding agreed CR files by December 15.

      b. Additional Discovery Disputes

      The City of Chicago has completed its investigation into gang crimes files and gang crimes documents sought in Requests for Production 3, 7, 49 and 50, and has not been able to locate any additional materials. In the last status report, the City has also agreed to, within seven days, designate training materials responsive to Plaintiff's Request for Production 46, and confirm it is not aware of any other responsive training materials. The City has not yet provided this designation, but has agreed to do so by October 30.

RESPECTFULLY SUBMITTED,

| /s/ Ruth Brown<br>Counsel for Plaintiff | /s/Molly E. Boekeloo<br>Counsel for Defendant Guevara | /s/ Eileen E. Rosen<br>Counsel for Defendant City of Chicago, Special Assistant Corporation Counsel |
|---|---|---|
| Jon Loevy<br>Russell Ainsworth<br>Ruth Brown<br>Lauren Carbajal<br>Carla Agbiro<br>LOEVY & LOEVY<br>311 N. Aberdeen<br>Chicago, Illinois 60607<br>(312) 243-5900<br>carbajal@loevy.com | Steven B. Borkan<br>Timothy P. Scahill<br>Emily E. Schnidt<br>Misha Itchhaporia<br>Krystal Gonzalez<br>Molly Boekeloo<br>BORKAN & SCAHILL, LTD.<br>20 S. Clark Street<br>Suite 1700<br>Chicago, IL 60603<br>(312) 580-1030 | Eileen E. Rosen<br>Austin G. Rahe<br>Catherine M. Barber,<br>Theresa B. Carney,<br>Lauren Ferrise,<br><br>Rock, Fusco, & Connelly<br>333 W. Wacker, 19th Floor<br>Chicago, Illinois 60606<br>(312) 494-1000 |

*/s/ Daniel J. McGinnis*
*Counsel for Individual Defendants Anthony Riccio, Stephen Gawrys, James Henk, and George Figueroa*
*Special Assistant Corporation Counsel*

James G. Sotos
Josh M/. Engquist
Laura M. Ranum
Caroline P. Golden
Daniel J. McGinnis
Alexis M. Gamboa
The Sotos Law Firm, P.C.
141 W. Jackson Blvd.#1240A
Chicago IL 60604
(630) 735-3303
dmcginnis@jsotoslaw.com