IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID LUGO, )  | |
|       Plaintiff, ) | |
| ) | No. 23-CV-1738 |
| v. ) | |
| ) | Magistrate Judge |
| REYNALDO GUEVARA, et al. ) | Daniel P. McLaughlin |
|       Defendants. ) | |

**<u>ORDER</u>**

Pending before the Court is Defendant Officers' motion to compel the Illinois Department of Corrections (IDOC) to comply with a records subpoena [157]. IDOC and Plaintiff each oppose the motion and separately filed their responses [170] [171]. For the reasons that follow, Defendant Officers' motion is granted and IDOC is ordered to remove all redactions from its subpoena response and produce that unredacted response by no later than 3/14/25.

Plaintiff previously served approximately 26 years in custody following his 1991 arrest (and 1993 conviction) for the murder of David Velez; most of that time was served in IDOC [61] at 3-4. On 7/8/22, following his release from custody, Plaintiff's post-conviction petition was granted and his conviction was vacated. *Id.* at 11. On 8/9/22, all charges against Plaintiff were dismissed. *Id.* Plaintiff filed this lawsuit on 3/21/23, and discovery started in June 2023 [41].

Defendant Officers issued a Rule 45 subpoena to non-party IDOC on 10/23/23 [157] at 3. The subpoena sought Plaintiff's IDOC records. On 12/12/23, IDOC produced Plaintiff's "Master File," with certain information redacted [170] at 1. An IDOC master file is a central repository for an inmate's entire prison file. *Id.* Plaintiff's file is approximately 2,000 pages. During the next 10 months, Defendant Officers and IDOC addressed IDOC's redactions and, on 10/10/24, IDOC re-produced Plaintiff's master file with "far fewer" redactions. [157] at 3. In total, over 400 of the nearly 2,000 pages in IDOC's second production contained redactions [157] at 3-4; [180] at 1; [180]-1.

On 11/5/24, Defendant Officers renewed their challenges to IDOC's redactions by sending an email to IDOC's counsel [157]-12 at 5. After additional meet-and-confer sessions, IDOC declined to remove any additional redactions on 11/25/24. *Id.* at 2. Shortly thereafter, on 11/29/24, Defendant Officers filed their motion to compel [154].[1]

Defendant Officers generally argue that the subpoenaed materials are relevant to the allegations "at the heart of this case," namely, the circumstances surrounding the identification testimony and latter day recants of Efrain Sanchez and Julio Sanchez [157] at 2. In short, Plaintiff and Julio Sanchez served time together and did so before Julio recanted his previous testimony implicating Plaintiff in the Velez murder. Defendant Officers contend that Plaintiff's alleged role as a gang leader would have given him influence over Julio and Efrain and evidence of that leadership is believed to be in Plaintiff's IDOC file. *Id.* Defendant Officers also assert that Plaintiff's IDOC file is relevant to their assessment of his claims that he was separated from family and friends, and that he suffered mental anguish. *Id.*

Neither IDOC nor Plaintiff challenge the relevance of the subpoenaed materials. However, IDOC argues that the redacted materials are inherently sensitive and highly confidential. According to IDOC, the redactions are exempt from disclosure pursuant to a state statute that created IDOC's gang investigation unit. That statue also provides protection for the unit's investigatory findings [170] at 2-3. For the first time in its response, IDOC also claims the law enforcement investigatory privilege as a basis for its redactions. *Id.* at 3.

IDOC's arguments in defense of its redactions are unavailing. As a threshold issue, IDOC has not identified which of the redactions purportedly relate to gang investigation unit materials. The Court's review indicates that many redactions cover the identities of Plaintiff's visitors when he was in IDOC custody. *See, e.g.,* [157]-6 and [157]-7. In addition, Plaintiff's alleged statements during his incarceration are redacted from reports and memos. *See, e.g.,* [157]-8. These materials (and others) clearly have nothing to do with sensitive gang investigation unit activities. It is not incumbent upon the Court to review all redactions to guess about whether and where the unit's work is implicated.

---

[1] Defendant Officers' motion to compel was filed 11/29/24 [154]. They later filed a corrected motion on 12/3/24 [157].

IDOC's citation to state law also fails to provide support for its redactions [170] at 2-3. In enacting 730 ILCS 5/3-2-5(c), the Illinois state legislature directed IDOC to create a gang intelligence unit and exempted that unit's files from FOIA disclosure.[2] The statute does not, however, exempt such materials from discovery requests, subpoenas, or court orders directing disclosure. *See, e.g.*, *Montanez v. Wolters*, 16-CV-1147, 2018 WL 5437442, *2 (S.D. Ill. Oct. 29, 2018) ("The Illinois statute relied on by IDOC [730 ILCS 5/3-2-5(c)], however, exempts a department from disclosing information under the Freedom of Information Act, not pursuant to discovery.").

While it may be true that some of the redactions cover sensitive and even confidential information, courts can enter protective orders to prevent widespread disclosure of such materials. In this case, the Court has already entered a confidentiality order [97]. It provides a framework that would provide greater protection for designated materials. Defendant Officers do not oppose IDOC designating any or all of the redacted materials as confidential and subject to the terms of the confidentiality order [157] at 9.

IDOC's final argument is that the redacted information is properly withheld pursuant to the law enforcement investigatory privilege [170] at 3-4. However, IDOC did not rely on this privilege in its correspondence with Defendant Officers, nor did it assert it as an objection to the subpoena. It was in its response to the instant motion that IDOC raised the privilege for the first time. IDOC has not provided a privilege log, nor does it make any attempt to identify which of the redacted materials are withheld pursuant to the law enforcement investigatory privilege. IDOC thus failed to timely (or properly) raise the law enforcement investigatory privilege, and it is therefore waived. *See Glass v. Village of Maywood*, 22-CV-164, 2023 WL 6461364, *2 (N.D. Ill. Oct. 4, 2023) (finding waiver when subpoena recipient (1) waited approximately seven months before asserting privilege and (2) failed to produce a privilege log).[3]

---

[2] In correspondence that pre-dates Defendant Officers' motion, IDOC also relied upon 730 ILCS 5/3-5-1 to support its redactions [157] at 7. IDOC does not refer to that statue in its response to the instant motion [170], and for good reason. The language of the statute specifically anticipates disclosure of master files "in accordance with a court order or subpoena." 730 ILCS 5/3-5-1(b).

[3] Even if IDOC had not waived its privilege claim, it would fail. The materials at issue are historically remote and there has been no showing that they relate to any ongoing investigations. *Rodriguez v. City of Chicago*, 329 F.R.D. 182, 189 (N.D. Ill. 2019) ("The purpose of [the investigatory] privilege is to protect sources, witnesses, and law enforcement officers and to prevent interference with ongoing investigations….").

The Court next turns to Plaintiff's opposition to the motion to compel [171]. Plaintiff argues that Defendant Officers' motion is untimely, and that it should be denied because it came on the final date of the 17-month discovery period. *Id.* at 4. Plaintiff's opposition generally describes Defendant Officers as dragging their feet and failing to actively pursue the subpoenaed materials with ample time left on the discovery shot clock. While the Court generally agrees that Defendant Officers could have (and perhaps should have) filed their motion earlier, it does not agree that Defendant Officers were dilatory or purposely delaying matters. Defendant Officers communicated with IDOC over a period of months to address their objections to IDOC's redactions. The result of these efforts was that IDOC agreed to a second production of Plaintiff's IDOC file with far fewer redactions. When Defendant Officers reviewed that 10/10/24 production, they continued to have concerns that IDOC over-redacted [157] at 3-4; [157]-12 at 5. As a result, on 11/5/24, Defendant Officers asked IDOC to again reconsider its redactions, and they followed up on that request with a phone call on 11/8/24 and an additional email on 11/22/24 [157]-12. IDOC did not definitively respond with its final position (that it would not remove any additional redactions) until 11/25/24. *Id.* Defendant Officers filed their motion to compel [154] three days later. On this record, the Court declines to deny Defendant Officers' motion as untimely. Over a period of time, Defendant Officers were successful in persuading IDOC to re-produce and remove many of its redactions. Defendant Officers' review of and reaction to that second production was not delayed, and they attempted to convince IDOC to make a third production with even fewer redactions. IDOC did not give its final "no" until the evening of 11/25/24. The instant motion was filed almost immediately after.

Discovery was most recently extended to 2/28/25 to allow for the completion of discrete tasks. [163]. Some of those tasks are going to take the parties beyond the deadline (the City's production of CR files, the completion of IDOC 30(b)(6) depositions, and the deposition of Efrain Sanchez, for example [201][202][203]). The Court has not yet entered an expert discovery schedule. There is no trial date. Further, IDOC will be able to produce the files in an expeditious manner (they are not voluminous, and it is relatively simple to produce unredacted files). Accordingly, IDOC's compliance with the Court's order will not substantially delay the completion of discovery.

For these reasons, Defendant Officers' motion to compel IDOC to comply with records subpoena [157] is granted. IDOC is directed to remove all redactions from its subpoena response and to produce its unredacted response no later than 3/14/25.

**SO ORDERED.**                                    **ENTERED:**

**DATE:  March 3, 2025**                    _____
                                            **HON. DANIEL McLAUGHLIN**
                                            **United States Magistrate Judge**