**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID LUGO, | ) | |
| | ) | Case No. 23 CV 01738 |
| Plaintiff, | ) | |
| | ) | Judge LaShonda A. Hunt |
| v. | ) | Mag. Judge Daniel P. McLaughlin |
| | ) | |
| CHICAGO POLICE OFFICERS REYNALDO GUEVARA, GERI LYNN YANOW, as SPEICIAL REPRESENTATIVE of the ESTATE ERNEST HALVORSEN, ANTHONY RICCIO, STEPHEN GAWRYS, JAMES HENK, GEORGE FIGUEROA, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and THE CITY OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**JOINT STATUS REPORT**

Pursuant to this Court's August 19, 2026, Minute Entry (Dkt. 292), the parties, by and through their respective undersigned counsel, respectfully submit the following Joint Status Report.

A. The parties have conferred and discussed a summary judgment schedule. City Defendants propose 75 days for the filing of their motion for summary judgment. Plaintiff's position is that the City Defendants should be provided 60 days to file their motions for summary judgment, and Plaintiff should have an equal time for his response.

B. Individual Officer Defendants intend to file a Motion for Summary Judgment addressing claims asserted against them. Individual Officer Defendants anticipate seeking summary judgment on the following grounds:

1. Count I: Individual Officer Defendants anticipate arguing that the identifications of Julio Sanchez and Lekisha Rivera were not used at trial and, alternatively, that Individual Officer Defendants are entitled to qualified immunity. Individual Officer Defendants also anticipate asserting absolute immunity as to the claims based on Defendant Figueroa's trial testimony. Further Individual Officer Defendants anticipate arguing that the alleged Brady violation does not support a viable claim.
2. Count II: Individual Officer Defendants anticipate arguing that probable cause was present and, alternatively, the Individual Officer Defendants are entitled to qualified immunity.
3. Count III: In response to a claim of failure to intervene, Individual Officer Defendants anticipate arguing that there was no underlying constitutional violation and, alternatively, that Individual Officer Defendants are entitled to qualified immunity.
4. Count IV and Count IX: Regarding both Counts relating to conspiracy, Individual Officer Defendants anticipate arguing that there was no constitutional violation and no evidence of an agreement sufficient to support an alleged conspiracy.
5. Count VI: In response to state law malicious prosecution claims, Individual Officer Defendants anticipate arguing that their actions were supported by probable cause.
6. Count VII: Individual Officer Defendants anticipate arguing that the alleged conduct does not constitute sufficiently outrageous conduct to support a claim for intentional infliction of emotional distress.

7. Count VIII: Individual Officer Defendants anticipate arguing that willful and wanton conduct is not an independent case of action, but, in any event, that the record does not establish willful and wanton conduct.

Individual Officer Defendants intend to move to bar the 2008 deposition testimony of Efrain Sanchez. Individual Officer Defendants request that the motion be briefed and resolved prior to the commencement of summary judgment briefings, as the Court's ruling may affect Individual Defendant's arguments.

C. The City plans to file a Motion for Summary Judgment and a Daubert Motion to Bar Plaintiff's expert Thomas Tiderington, which is relevant to the City's summary judgment motion. The City's summary judgment motion will address Plaintiff's *Monell* claim (Count V). Although in response to the City's *Monell* contention interrogatories, Plaintiff stated he will advance *Monell* theories on failure to train/supervise/discipline, suppression of evidence, fabrication/manipulation of eyewitness identifications, and fabrication/coercion of false confessions, Plaintiff produced one expert to opine on the suppression of evidence theory only. In support of summary judgment on the suppression of evidence theory, the City will argue, in summary, that there is no underlying *Brady* violation, and thus, Plaintiff's suppression of evidence theory cannot advance. Further the City will argue that Plaintiff's only evidence for his suppression of evidence *Monell* theory comes from Tiderington's flawed methodology and opinions, that Tiderington should be barred, and that there is no evidence of a widespread practice of failing to document investigative information or suppressing/withholding exculpatory information.

D. Defendant Guevara intends to file for summary judgment and will join the Individual Defendant Officers' arguments. Specifically, Defendant Guevara will argue he is

entitled to qualified immunity, lacks personal involvement, and that the identification made by Julio Sanchez was not used at trial and does not support Plaintiff's alleged Brady violations.

E. The parties have not engaged in settlement discussions.

Date: September 2, 2026

Respectfully Submitted,

/s/Russell Ainsworth
*Counsel for Plaintiff*

Jon Loevy
Russell Ainsworth
Locke Bowman
Ruth Brown
Alexandra Wolfson

LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
carbajal@loevy.com

/s/ Christiane E. Murray
*Counsel for Defendant Guevara*

Steven B. Borkan
Timothy P. Scahill
Emily E. Schnidt
Misha Itchhaporia
Christiane E. Murray
Molly Boekeloo
BORKAN & SCAHILL, LTD.
20 S. Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030

/s/ Eileen E. Rosen
*Counsel for Defendant City of Chicago, Special Assistant Corporation Counsel*

Eileen E. Rosen
Austin G. Rahe
Catherine M. Barber
Theresa B. Carney
Lauren Ferrise
Rock, Fusco, & Connelly
333 W. Wacker, 19th Floor
Chicago, Illinois 60606
(312) 494-1000

/s/ Josh M. Engquist
*Counsel for Individual Defendants Anthony Riccio, Stephen Gawrys, James Henk, and George Figueroa*
*Special Assistant Corporation Counsel*

James G. Sotos
Laura M. Ranum
Josh M. Engquist
Caroline P. Golden
Madeline Van Schelven
The Sotos Law Firm, P.C.
141 W. Jackson Blvd.#1240A
Chicago IL 60604
(630) 735-3303